Chief Justice EISMANN,
concurring in the result.
I cannot concur in the majority opinion because it disregards the public policy declared by Idaho Code § 32-717B.
A. Idaho Code § 32-717B creates a presumption that a parent not be permitted to move away with a child if doing so would prevent the other parent from having frequent and continuing physical custody of the child.
Idaho Code § 32-717B(4) declares, “[A]b-sent a preponderance of the evidence to the contrary, there shall be a presumption that joint custody is in the best interests of a minor child or children.” “‘Joint custody’ means an order awarding custody of the minor child ... to both parents and providing that physical custody shall be shared by the parents in such a way as to assure the child ... of frequent and continuing contact with both parents.” King v. King, 137 Idaho 438, 445, 50 P.3d 453, 460 (2002) (citation omitted). Joint custody also requires that each parent have physical custody for significant periods of time. I.C. § 32-717B(2).
Section 32-717B(4) creates a presumption that it is in the best interests of a child that both parents have frequent physical custody of the child.[15] Typically, in order for that to be able to occur, the child will have to be living in physical proximity to both parents.
If a parent chooses to move away from where the child is residing, that parent may not be able to have frequent physical custody of the child. For example, in King v. King, the mother, the father, and the child resided in Jefferson County, Idaho. The mother chose to move from there to the state of Michigan. In the ensuing divorce action, the father was granted physical custody of the child for eighty percent of the time and the mother was granted physical custody for twenty percent. In responding to the mother’s challenge to the division of physical custody, we stated the obvious, “In this case, Melissa chose to move from Idaho to Michigan. The practical effect of her move is to limit the amount of time that she can spend with Megan.” 137 Idaho at 445, 50 P.3d at 460. Conversely, permitting a parent to move away with a child will typically prevent the other parent from having frequent physical custody of the child. Obviously, if there is a presumption in favor of joint custody, then there is a presumption against allowing one parent to move away with the child if the move would prevent the other parent from having frequent and continuing physical custody of the child. To hold otherwise would render the statutory presumption meaningless.
The statutory presumption is based upon the legislature’s determination that it is in the best interests of a child for both parents to have frequent and continuing physical custody of the child. To overcome that presumption, the parent wishing to move away with the child must prove that it is in the child’s best interests for the other parent not to have frequent and continuing physical custody of the child. A parent can decide that other things in the parent’s life are more important than maintaining a close relationship with the child, and move away. The court cannot prevent a parent from doing so. The parent should not, however, be permitted to move away with the child simply because the moving parent concludes that other things in his or her life are more important *465 than the other parent’s ability to maintain a relationship with the child.
This Court has in the past guarded against actions that would interfere with the relationship between a parent and child. In Weiland v. Ruppel, 139 Idaho 122, 75 P.3d 176 (2003), we upheld the trial court’s refusal to permit a mother to move to Portland, Oregon, with the parties’ child because of the adverse impact such a move would have on the child’s relationship with his father, who resided in Idaho. The trial court had concluded that “the adverse impact upon [the child’s] relationship with his father will outweigh any potential benefits he might receive by virtue of his mother’s relocation to Portland.” 139 Idaho at 125, 75 P.3d at 179. In Hopper v. Hopper, 144 Idaho 624, 167 P.3d 761 (2007), a mother surreptitiously moved with the parties’ five-month-old child to Montana. In a subsequent divorce action filed by the father, the trial court permitted the mother to remain in Montana with the child, and ultimately awarded her primary physical custody. This Court vacated the custody decree, stating, “The mother should have been ordered to return the child to Idaho where the father might exercise his rights as an equal parent and have this case decided with the underlying legal and social principle that it is in the best interests of a child to have a continuing relationship with both parents.” 144 Idaho at 627, 167 P.3d at 764. In Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810 (1952), this Court reversed an order changing custody to the father based upon this Court’s findings on appeal that the father had alienated the children from the mother. In doing so, this Court stated:
The best welfare of minor children is promoted by having such children respect and love both parents. This is natural and every effort should be directed to the end that such respect and affection will not be destroyed and alienated; any other course is not in the interest of and for the best welfare of such minor children.....
The acts and conduct of the custodial parent, resulting in the alienation of the love and affection which children naturally have for the other parent, is a vital and very serious detriment to the welfare of such children and is grounds for modification of the decree with respect to such custody.
73 Idaho at 128, 245 P.2d at 814.
Giving effect to the presumption created by Idaho Code § 32-717B is consistent with our prior decisions preventing one parent from interfering with the relationship between the other parent and their child or children. The purpose of the presumption in Section 32-717B is to promote the best interests of the child by assuring that both parents have the opportunity to have frequent and continuing physical custody of their child for significant periods of time. Such periods of physical custody are essential to develop and maintain a close relationship with the child. One parent should not be able to interfere with that relationship by seeking to alienate the child towards the other parent, by preventing the other parent from having contact with the child, or by moving away with the child if it would prevent the other parent from having frequent and continuing physical custody of the child. In any of those circumstances, the result is the same. One parent is acting contrary to the best interests of the child by preventing the child from developing and having a healthy relationship with the other parent. In this case, Julie failed to overcome the statutory presumption that it was in Sydney’s best interests to be in the physical custody of Patrick for frequent periods of time.
B. The Constitution of the United States Does Not Require that Jones Be Permitted to Move Away with the Parties’ Child.
Julie contends that her constitutional right to travel will be infringed if she is required to leave the parties’ daughter behind when she moves to Hawaii. More than her constitutional rights are at issue in this ease. The liberty interests protected by the United States Constitution include “the interest of parents in the care, custody, and control of their children.” Troxel v. Granville, 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 57 (2000). Parents have a fundamental right “to make decisions concerning the care, custody, and control of their children.” Id. *466 To exercise her right to travel, Julie seeks to deprive Patrick of his constitutional and statutory rights to the care and custody of his daughter.
Our freedoms to engage in various activities also include the freedom not to do so. The freedom to exercise religion includes the freedom not to do so. As the Supreme Court stated in Lee v. Weisman, 505 U.S. 577, 621, 112 S.Ct. 2649, 2673, 120 L.Ed.2d 467, 502 (1992) (citation omitted), “[L]aws that coerce nonadherents to ‘support or participate in any religion or its exercise,’ would virtually by definition violate their right to religious free exercise.” The freedom of speech also “prohibits the government from telling people what they must say,” Rumsfeld v. Forum for Academic and Institutional Rights, 547 U.S. 47, 61, 126 S.Ct. 1297, 1308, 164 L.Ed.2d 156, 172 (2006), and from the government “forc[ing] one speaker to host or accommodate another speaker’s message.” Id. at 63, 126 S.Ct. at 1309, 164 L.Ed.2d at 173. The freedom of press includes the right not to print. “A responsible press is an undoubtedly desirable goal, but press responsibility is not mandated by the Constitution and like many other virtues it cannot be legislated.” Miami Herald Pub. Co. v. Tornillo, 418 U.S. 241, 256, 94 S.Ct. 2831, 2839, 41 L.Ed.2d 730, 740 (1974). Likewise, “[fjreedom of association ... plainly presupposes a freedom not to associate.” Roberts v. U.S. Jaycees, 468 U.S. 609, 623, 104 S.Ct. 3244, 3252, 82 L.Ed.2d 462, 475 (1984).
In Shapiro v. Thompson, 394 U.S. 618, 629, 89 S.Ct. 1322, 1329, 22 L.Ed.2d 600, 612 (1969), the United States Supreme Court stated that “the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement.” Shapiro struck down a one-year residency requirement before becoming eligible for welfare benefits in order to deter indigents from moving to the state solely to obtain larger benefits. As the Court stated, “More fundamentally, a State may no more try to fence out those indigents who seek higher welfare benefits than it may try to fence out indigents generally.” Id. at 631, 89 S.Ct. at 1330, 22 L.Ed.2d at 613. Obviously, if the state could not “fence out indigents” it could also not force them to leave after they arrived. Their right to be free to travel into the state would be hollow unless it also included a right not to be coerced into leaving the state.
Julie contends that her right to travel will be infringed if she cannot move to Hawaii with Sydney. If Julie is permitted to move to Hawaii with their daughter, Patrick would have to move to Hawaii in order for him to have frequent physical custody of Sydney, infringing his constitutional right not to travel. Julie’s constitutional rights are not more important than Patrick’s constitutional rights. Therefore, the deciding factor must be the best interests of the child, applying the presumption created by Idaho Code § 32-717B(4).
For the above reasons, I concur in the l'esult.
Justice W. JONES concurs.

. The presumption does not apply if one of the parents is a habitual perpetrator of domestic violence. I.C. § 32-717B(5).